UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ZACH PORTER INVESTMENTS, LLC, an Idaho limited liability company; ZACHERY PORTER, an individual; and JUNGLE HOOKS, LLC, an Idaho limited liability company,<br><br>       Plaintiffs/Counter-Defendants,<br><br>v.<br><br>REISS TECHNOLOGY CORP., a New Jersey corporation; PAUL REISS, an individual,<br><br>       Defendants/Counter-Claimants,<br><br>and<br><br>JOSEPH FANELLI, an individual; DAVE ROTH, an individual; and ROSENBERG RICH BAKER BERMAN, P.A., a New Jersey professional corporation,<br><br>       Defendants. | Case No. 1:23-cv-00249-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiffs/Counter-Defendants Zach Porter Investments, LLC, Zachery Porter, and Jungle Hooks, LLC's (collectively "Porter") Motion for Summary Judgment. Dkt. 60. In response, Defendants/Counter-Claimants Paul Reiss, Reiss Technology Corp., and Joseph Fanelli (collectively "Defendants") ask the Court to defer ruling on Porter's Motion under Federal Rule of Civil Procedure 56(d). Upon review, the

MEMORANDUM DECISION AND ORDER - 1

Court GRANTS Defendants' request and defers ruling on Porter's Motion.

## II. BACKGROUND

The background of this case has been set forth in prior decisions and will not be repeated here. *See* Dkts. 32, 62. Put succinctly, this is a breach of contract and securities fraud case. There are multiple claims, counterclaims, and defenses between multiple inter-related parties.

On February 27, 2026, the Parties agreed to amend the scheduling order moving forward. Dkt. 59. The Court granted the same. Dkt. 61. The Parties specifically noted one of the reasons for the extension was to complete discovery—including international discovery—and then to "analyze whether the filing of dispositive motions is appropriate." *Id*. at 3.

The following day, however, Porter filed the instant Motion for Summary Judgment. Dkt. 60. Although Defendants responded substantively to Porter's Motion, they also asked the Court to deny or defer ruling on Porter's Motion until after discovery closes on July 31, 2026. Dkt. 65, at 11–13.

## III. LEGAL STANDARD

When a party opposing a motion for summary judgment cannot present facts essential to justify their opposition to the motion, Federal Rule of Civil Procedure 56(d) permits the party to submit an affidavit or declaration stating the reasons it is unable to present the evidence. The court may continue or deny the motion if the opposing party needs to discover essential facts. The burden is on the party seeking additional discovery to demonstrate: (1) the information sought would prevent summary judgment, and (2) that

MEMORANDUM DECISION AND ORDER - 2

the information sought exists. *Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009);[1] *Maple v Rainbow's End Recovery Ctr.*, 2018 WL 443440 (D. Idaho Jan. 16, 2018). A party requesting a Rule 56(d) continuance "must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).

### IV. ANAYLSIS

Defendants have met both requirements to obtain Rule 56(d) relief. First, as required, Defendants filed an affidavit outlining what information they need to more fully respond to Porter's Motion and why the information currently in their possession is insufficient. Dkts. 65-2, at 2–3. Second, Defendants have explained the information exists and is likely within Porter's custody or control. Dkt. 65, at 12.

To date—or at least at the time of the filing of the instant motion—not a single deposition had taken place, and no third-party discovery had been conducted. Thus, while it is true Defendants substantively responded to Porter's Motion, the fact remains that discovery remains in an early stage. Porter supports his Motion for Summary Judgment with information and testimony Defendants have not had a chance to test. Even assuming the Court ultimately accepts Porter's position and grants the motion, it is reluctant to

---

[1] Subdivision (d) was previously numbered as subdivision (f) prior to the 2009 amendments to the Federal Rules of Civil Procedure. While *Blough* makes reference to Rule 56(f), Rule 56(d) carries forward without substantial change the provisions of former subdivision (f). *See Notes of Advisory Committee on 2010 Amendments*.

MEMORANDUM DECISION AND ORDER - 3

engage in a review of the evidence at this stage when the opposing party has not even had that opportunity.[2]

In sum, the Court finds the interests of justice are best served by deferring ruling on Porter's Motion for Summary Judgment. Once discovery is complete, the parties can supplement their existing filings or file wholly new motions.[3]

## V. ORDER

1. Porter's Motion for Summary Judgment (Dkt. 60) is HELD IN ABAYANCE.

2. Defendants Request for 56(d) relief is GRANTED.

DATED: May 4, 2026

David C. Nye
U.S. District Court Judge

---

[2] Candidly, the Court's docket—with 250 pending motions spanning 400 civil and criminal cases—is such that it likely cannot adjudicate the instant motion before the end of July anyways. Thus, it is to everyone's benefit to have a complete and full record before proceeding to summary judgment.

[3] The Parties should contact the Court's law clerk before filing motions for summary judgment to coordinate the most organized way to brief this matter in conjunction with any other dispositive motions that may be filed at that time.

MEMORANDUM DECISION AND ORDER - 4